IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NEIL L. RANLY,            :
                          :
    Plaintiff,            :
                          :   Case No. 3:14cv00334
    vs.                   :
                          :   Magistrate Judge Sharon L. Ovington
COMMISSIONER OF THE SOCIAL:   (by full consent of the parties)
SECURITY ADMINISTRATION,  :
                          :
    Defendant.            :

# DECISION AND ENTRY

This case is before the Court upon a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel (Doc. #26), the Commissioner's Response (Doc. #30), Plaintiff's counsel's Reply (Doc. #31), and the record as a whole. Plaintiff's counsel seeks an award of $30,408.00 in attorney fees under 42 U.S.C. § 406(b)(1). "[T]he Commissioner requests that the Court determine an appropriate fee for counsel's services." (Doc. #30, *PageID* #1916).

## I.

Before this case began, Plaintiff and his counsel entered into a written contingency-fee agreement in which Plaintiff consented to paying attorney fees in the amount of 25% of any lump-sum award he received for past-due Social Security benefits. The agreement also documented Plaintiff's counsel's willingness to work on a contingency-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event

Plaintiff received no past-due benefits.  *See* Doc. #26, *PageID* #1888.

As this case proceeded, the Court determined that a remand was warranted under sentence six of 42 U.S.C. §405(g) for further proceedings.  After additional administrative proceedings, the Social Security Administration found Plaintiff not to be disabled and denied his application for benefits.  Plaintiff appealed to this Court.  Further briefing established that a remand was warranted for payment of benefits.  (Doc. #24).  On remand, the Social Security Administration awarded past-due benefits to Plaintiff and withheld from those benefits $30,408.00 for payment of attorney fees.  *Id*. at 702.

**II.**

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits.  *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997).  The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge.  *See id*.; *see also* 42 U.S.C. § 406(b)(1).

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).  Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling

approach guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id.*

"Reasonableness" remains the heart of the matter. And care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid a windfall to counsel especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id.* at 310 (quoting *Gisbrecht*, 535 U.S. at 808).

### III.

Plaintiff's counsel presently seeks approval of a $30,408.00 award of attorney fees from the funds withheld from Plaintiff's past-due benefits. This amount is 25% of the past-due benefits ($121,632.00) Plaintiff received on remand.

Plaintiff's counsel asserts that representation of Plaintiff involved a total of 58.75 hours of work in administrative and federal court proceedings. He thus calculates the hypothetical hourly rate at $517.58 (30,408 ÷ 58.75=517.58).

The Commissioner correctly points out that Plaintiff's counsel can only recover fees under 406(b) for work he performed in connection with the case in this Court. *See Horenstein v. Sec'y of Health and Human Svcs.*, 35 F.3d 261, 262 (6th Cir. 1994). This impacts the calculation of the hypothetical hourly rate because a lower total amount of attorney-work hours translates to a higher hypothetical hourly rate.

How many hours did Plaintiff's counsel expend in working on the case in this Court? The Commissioner counts a total of 51.25 hours of attorney work and 5.50 hours of non-attorney work before this Court—which would result in a hypothetical hourly rate of either $593.32 or $535.82, respectively. In contrast, Plaintiff's counsel says in his affidavit, "A total of 58.75 hours in time was incurred for representing Plaintiff in Federal Court." (Doc. #26, *PageID* #1886, ¶8).

Plaintiff's total number of hours 58.75 is not fully supported because the attached time records include (in the total of 58.75 hours) work that was done at the administrative level both before this case began and after it was remanded in for further administrate proceedings. *Id*. at 1189-90. But this has little significance because using the highest total hypothetical hourly rate the Commissioner proposes—$593.32 per hour—results in a standard fee of $296.67 per hour ($593.32 ÷ 2). This is within the range—$210 to $350—of hourly billing rates for social-security attorneys in 2013, according to an Ohio State Bar Associate survey conducted in 2013. *See Lee*, 3:14cv291, 2018 WL 2999909, at *4. This is *per se* reasonable. *See Lasley*, 771 F.3d at 309 ("'a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'").

The total fee award Plaintiff's counsel requests—$30,408.00—is not a windfall to

4

him. Not only does it represent a reasonable hypothetical hourly rate of less than $600, it is also below the hypothetical hourly rates permitted in a number of well-reasoned decisions in this District. *See, e.g., Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio 2015) Report and Recommendation (Litkovitz, M.J.), *adopted,* 2015 WL 1285890 (S.D. Ohio 2015) (Barrett, D. J.) (approving hypothetical hourly rate of $700); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) Report and Recommendation (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio 2014) (Smith, J.) (approving hypothetical hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1908512, at *1-2 (S.D. Ohio 2014) (Black, D.J.) (approving hypothetical hourly rate of $780.25); *Pickett v. Astrue*, 2012 WL 1806136, at *2 (S.D. Ohio 2012) (Black, D. J.) (approving hypothetical hourly rate of approximately $709). This case, moreover, involved more than a typical amount of attorney work. The original administrative record contained about 1,200 pages. The first Statement of Errors established that a remand was warranted under sentence six of 42 U.S.C. §405(g). After the Administration again found Plaintiff not disabled, counsel reinstituted this case and filed another Statement of Errors. In response to the Commissioner's Memorandum in Opposition, Plaintiff's Counsel submitted a Reply. Counsel's briefing was skillful and led to a decision reversing an Administrative Law Judge's non-disability decision and a remand for payment of benefits. Given that this case involved two successful appeals from two separate non-disability decisions made at the administrative level, Plaintiff's counsel reasonably performed about twice the amount of work that would be needed in a more typical single-appeal social-security case litigated in this Court. As a result, Plaintiff's

5

counsel total hours were reasonable in this case. *Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 652 (S.D. Ohio 2013) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15–25 hours.").

Lastly, the Commissioner believes that some of counsel's billing entries show excessive billing amounts by using quarter-hour increments. Yet the Commissioner does not point to a case that prohibits quarter-hour billing. This is likely because rather than imposing a blanket prohibition against quarter-hour billing, courts review the specifically challenged billing entries (typically in the EAJA setting) to determine whether they were reasonable. *See Newell v. Astrue*, 3:07cv00412, 2012 WL 936672, at *3 (S.D. Ohio 2012) (Ovington, M.J.), Report & Recommendations *adopted*, 2012 WL 1185991, at *1 (2012) (Rice, D.J.); *see also Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 651 (S.D. Ohio 2013) (Rice, D.J.; Newman, M.J.); *Carlisle v. Barnhart,* 2008 WL 420032 at *3 (S.D. Ohio 2008) (Rice, D.J.; Ovington, M.J.); *Kyser v. Apfel,* 81 F.Supp.2d 645, 647 (W.D. Va. 2000); *Sandoval v. Apfel,* 86 F.Supp.2d 601, 615 (N.D. Tex. 2000). Review of the quarterly billing in this case does not reveal excessive billing.

Accordingly, the amount of attorney fees Plaintiff's counsel seeks will not result in a windfall and, consequently, his Motion for Allowance of Attorney Fees is well taken.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel (Doc. #26) is GRANTED, and the Commissioner is directed to pay Plaintiff's attorney fees pursuant to in the total amount of $30,408.00; and,

2. The case remains terminated on the docket of this Court.

March 20, 2020                              *s/Sharon L. Ovington*
                                            Sharon L. Ovington
                                            United States Magistrate Judge

7